IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01636-CBS

SANTIAGO ABREU,

    Plaintiff,

v.

THE HAPA GROUP, INC., d/b/a Hapa Sushi Grill & Sake Bar,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Therefore, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT that the following provisions concerning confidential treatment of documents, answers to interrogatories or requests for admission produced by the Plaintiff or Defendant, or answers to deposition questions, or other responses to discovery requests, including inspections of tangible items, shall apply in the above-captioned matter.

1.    Documents, answers to interrogatories, responses to requests for admission, appropriate portions thereof or other responses to discovery requests, which are to be treated as confidential because they reflect (a) a trade secret, (b) confidential research, development or commercial information, (c) confidential personnel and employment information, or (d) confidential personal, medical or financial information shall be designated by the producing party as "**CONFIDENTIAL.**" This designation shall be made by stamping the word

"**CONFIDENTIAL**" in ink on the copy of each confidential document or portion thereof produced to the opposing party by the producing party. In any instance where such stamping is not feasible, the parties shall agree upon a reasonable substitute indication of confidentiality. Such documents, answers, portions of answers or responses shall be treated as confidential under and subject to the provisions of this Protective Order. A party may designate as "CONFIDENTIAL" only information (regardless of how generated, stored or maintained) or tangibles things that qualify for protection under standards developed under Fed R. Civ. P. 26(c), including without limitation materials which that party in good faith believes constitute information that is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. The provisions of this Protective Order relating to confidential information shall not apply to information that was, is, or became accessible to the public not in violation of this Protective Order, nor to any information that is obtained by any party through independent means.

2. The parties expressly acknowledge that discovery may entail the production of materials constituting "protected health information" under 45 CFR § 160.103 and they agree that such information shall be designated "**CONFIDENTIAL.**" The parties intend that this Protective Order serve as a qualified protective order under 45 CFR § 164.512(e)(1)(v).

3. All answers to interrogatories, requests for admission, documents, or other responses to discovery requests or portions thereof, designated "**CONFIDENTIAL**" in accordance with this Protective Order, and the information contained therein shall be used solely for the purposes of this case, and may not be used as a basis for any other action, claim, or protest without first obtaining permission of this Court or the producing party. Such information shall not be used by, or disclosed to any person except as provided herein. Confidential documents,

pleadings and information may be disclosed to the following classes of persons (collectively "Recipients"):

    (A)    The parties and the following counsel of record for the parties, and members or associates of the firms:

*For the Plaintiff*:

Weiss Law Group, P.A.

*For the Defendant*:

Hutchinson Black and Cook, LLC

    (B)    The non-technical, clerical, or paralegal staff employed by counsel referred to in the preceding subparagraph;

    (C)    Independent experts retained by counsel to assist in this litigation;

    (D)    Any person or entity designated as author, addressee, or recipient of such document; and

    (E)    Any person or entity to whom the document itself indicates that the information therein was previously communicated.

4.    The persons identified in subparagraph (C) of paragraph 3 above must execute an undertaking in the form set forth in **Exhibit A** attached hereto prior to the receipt of any confidential documents or information.

5.    Counsel disclosing documents or information to persons specified in subparagraph (C) of paragraph 3 above shall retain the affidavits executed by such persons until the conclusion of this litigation or otherwise as this Court may order. The Court may direct disclosing counsel to produce undertakings at any time upon a showing of good cause.

6. No Recipient shall photocopy or otherwise retain any facsimile, summary, or synopsis of any confidential documents or information other than for use solely for the purposes of this litigation. Within 60 days from the date of entry of a final judgment or order of dismissal in this litigation, each Recipient shall return to counsel for the producing party any and all copies of the confidential documents and information and any notes, memoranda, reports, transcripts, exhibits, or other documents referring to or relating to such confidential documents or information, excluding attorney work product.

7. During any deposition, confidential documents, answers to interrogatories or requests for admission, or prior deposition transcripts may be disclosed to any deponent or witness who is a Recipient as defined herein. Deponents may likewise be asked to disclose confidential information which is within their knowledge. In the event confidential documents or information are used, disclosed or elicited during any deposition, counsel shall designate during the deposition the documents and information, and all portions of the deposition transcripts which refer to such documents and information, as **"CONFIDENTIAL"** pursuant to the provisions of this Protective Order. Portions of depositions shall be designated as **"CONFIDENTIAL"** by a statement on the record at the deposition by counsel that the testimony is confidential and subject to the provisions of this Protective Order. In the event that such a designation is made, the portion of the deposition subject to the **"CONFIDENTIAL"** designation may be attended by the deponent, any Recipients otherwise entitled to attend, and the appropriate court or deposition reporters. The deponent or court or deposition reporter in attendance at such deposition shall be subject to all restrictions and obligations applicable to Recipients.

8. In addition to the procedure described in the preceding paragraph, a party may designate a portion of a deposition as **"CONFIDENTIAL"** within ten (10) days after receipt of

the deposition transcript. This designation shall be made by delivery to trial counsel in this case of a written notice of the designation, identifying the deposition and specifying by page and line the portions designated as **"CONFIDENTIAL."** Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes a trade secret or other confidential research, development, personal, financial or commercial information, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no person or party shall be subject to any sanction under this Protective Order arising from the use or disclosure, prior to receipt of the written designation, of deposition testimony not previously designated under the terms of paragraph 7.

9. If at any time a party objects to a designation of a document, interrogatory answer, or response to request for admission, or a portion of a deposition as **"CONFIDENTIAL"**, the objecting party shall notify the designating party and the parties involved shall attempt to resolve their differences through good faith negotiation. Thereafter, the objecting party or persons shall move the Court for a prompt ruling that the document or information is not confidential. The document shall be treated as confidential until a ruling by the Court.

10. In the event that counsel for a party deems it necessary to disclose any information that a producing party has designated **"CONFIDENTIAL"** to any person not specified in paragraph 3 above, said counsel shall notify counsel for the producing party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be

reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, this Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

11. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

12. Any party may use confidential documents or information in any affidavit, brief, memorandum of law, or other document filed in this litigation. Any documents utilizing these materials or information shall be filed in compliance with D.C.COLO.L.Civ.R. 7.2.

13. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if (a) the producing party of confidential information consents in writing to such disclosure, or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

14. Nothing contained in this Protective Order shall affect the right of any party to make objections or other responses permitted by the Federal Rules of Civil Procedure to any request for production of documents, interrogatory, request for admission, or question at a deposition, except matters of confidentiality which this Protective Order has addressed. Nothing in this Protective Order shall constitute a ruling on any such claim.

15. This Protective Order is entered pursuant to Fed. R. Civ. P. 26(c). The protections afforded pursuant to this Protective Order are continuing. No confidential information shall be disclosed in violation of this Protective Order either during or after this litigation.

PURSUANT TO THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED at Denver, Colorado this 1st day December, 2015.

BY THE COURT

_____
Craig B. Shaffer, United States Magistrate Judge

AGREED AND STIPULATED this 30th day of November, 2015.

| | |
|---|---|
| _s /Jason S. Weiss_ | _s/ John B. Greer_ |
| Florida Bar No. 356890 | Colorado Bar No. 15024 |
| WEISS LAW GROUP, P.A. | HUTCHINSON BLACK AND COOK, LLC |
| 5531 N. University Drive, Suite 103 | 921 Walnut Street, Suite 200 |
| Coral Springs, Florida 33067 | Boulder, Colorado 80302 |
| Telephone: (954) 573-2800 | Telephone: (303) 442-6514 |
| Facsimile: (954) 573-2798 | Facsimile: (303) 442-6593 |
| E-mail: jason@jswlawyer.com | E-mail: greer@hbcboulder.com |
| *Attorneys for Plaintiff Santiago Abreu* | *Attorneys for The Hapa Group, Inc.* |

7

# EXHIBIT A

### UNDERTAKING

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

       I, _____, being first duly sworn, state that:

       1.    My address is _____

       2.    My present employer is _____,
and the address of my employer is_____.

       3.    My present occupation or job description is _____.

       4.    I have received a copy of the Stipulated Protective Order in this case (*i.e.*, *Santiago Abreu v. The Hapa Group, Inc.*, United States District Court for the District of Colorado, Civil Action No. 1:15-cv-01636-CBS.

       5.    I have carefully read and understand the provisions of the Stipulated Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained.

_____

       Subscribed and sworn to before me this \_\_\_\_ day of _____, 201\_\_, by _____, notary public.

       Witness my hand and official seal.

                                              _____
                                              Notary Public
                                              My commission expires:_____